FOIL, Judge.
State Bank of Commerce, intervenor/ap-pellant, appeals the trial court’s judgment which decreed that the mortgage held by Greater New Orleans Homestead Association, defendant in intervention/appellee, was superior to the mortgage held by State Bank of Commerce.
This action was instituted by State Bank of Commerce on December 11, 1987. At the trial on the merits, the parties, State Bank of Commerce and Greater New Orleans Homestead Association, stipulated to the following facts: First National Bank of Commerce foreclosed on Lots 154 and 155, Eden Isles, Unit 4, by Suit No. 86347. The Sheriff’s Sale occurred on December 11, 1985. The property was bought by State Bank of Commerce for $100,000.00. First National Bank of Commerce received $65,-849.41 in principal, interest and attorney’s fees. The costs of foreclosure were $4,037.81. Greater New Orleans Homestead Association holds a mortgage dated July 29, 1980, recorded in MOB 797, folio 897. The description contained in the recorded mortgage is Lot 155 and Lot 156, Eden Isles, Unit 4. State Bank of Commerce holds a mortgage dated July 27, 1984, recorded in MOB 1011, folio 611. The description contained in the recorded mortgage is Lot 154 and Lot 155, Eden Isles, Unit 4. The Crochets, being the mortgagors in all mortgages, did not own Lot 156 at the time of the execution of the Greater New Orleans Homestead Mortgage. Crochet had owned Lot 156 at one time. The Crochets owed to Greater New Orleans Homestead Association at the date of the Sheriff’s Sale a net payoff balance of $28,658.81, including principal and interest. The Crochets owed to State Bank of Commerce as of the date of the Sheriffs Sale $115,798.76, including principal and interest, but the mortgage amount was only $80,000.00. The Greater New Orleans Homestead Association did not learn of the discrepancy in the lot descriptions until after the foreclosure and Sheriff’s Sale. A house is located on Lots 154 and Lot 155, Eden Isles, Unit 4. At the time that Greater New Orleans Homestead Association obtained its mortgage, it knew that the house was located on two lots. State Bank of Commerce was not aware of its ranking at the time it obtained its mortgage. The amount paid for the property at the Sheriff’s Sale was $100,000.00. The amount paid to First National Bank of Commerce, including attorney’s fees was $65,849.41. Costs were $4,037.81. Therefore, the balance left in the registry of the court is $30,112.78.
The Trial Court ruled that State Bank of Commerce holds a valid second mortgage on Lot 154, Eden Isles, Unit 4, that Greater New Orleans Homestead Association holds a valid second mortgage on Lot 155, Eden Isles, Unit 4, and State Bank of Commerce holds a valid third mortgage on Lot 155, Eden Isles, Unit 4.
On June 23, 1986, the Trial Court issued reasons for judgment stating that the mortgage of Greater New Orleans Homestead on Lot 155 was recorded prior to the mortgage held by State Bank of Commerce on Lots 154 and 155, and that it must be *584 satisfied completely prior to payment of the mortgage held by State Bank of Commerce. In essence, the Court found that the mortgage held by Greater New Orleans Homestead was superior to the subsequently recorded mortgage held by State Bank of Commerce. We disagree with the ruling of the trial court and, for the reasons given below, overrule the trial court’s judgment.
Appellant argues that the trial judge erred when he held that appellee’s mortgage was superior to its own. It urges that the funds which remain in the registry of the court should be divided on a pro rata basis.
Appellee argues that when the residence was erected on lots 154 and 155, the two lots and the residence became a single entity. Therefore since appellee granted its mortgage on one of the two lots (which was then part of the whole) prior to appellant’s granting its mortgage on both of the lots, its mortgage ranks entirely in priority to appellant’s. Appellee urges that its mortgage should be paid completely from the funds in the registry of the court prior to appellant’s mortgage and that the case be remanded so that appellee may establish the additional interest which has accrued on the mortgage since the sheriff’s sale.
We disagree with the arguments of both appellant and appellee and hold that the funds remaining in the registry of the court shall be divided equally between Greater New Orleans Homestead Association which holds a valid second mortgage on Lot 155 and State Bank of Commerce which holds a valid second mortgage on Lot 154. Each lot is about the same size. The improvements are located on both lots. Because each litigant holds a valid second mortgage on one of two lots sold at the Sheriff's Sale, it would be unfair to award the entire sum owed to one, ignoring the equally valid claim of the other. The only way to an equitable outcome is to award each party one half of the remaining funds, thereby satisfying their equally ranked mortgages.
Appellee’s request for accrued interest is denied.
For the foregoing reasons, the judgment of the trial court is reversed at appellee’s costs.
REVERSED.